### WHALEY v. STEVENS.

1. A judgment dismissing a complaint, which alleged the obstruction of a road over which plaintiff had a right of way in gross, for lack of evidence to sustain a right of way in gross, is not an adjudication that will defeat a second action alleging the obstruction of this same road over which plaintiff had a right of way appendant or appurtenant.
2. A judgment dismissing a complaint for failure of evidence to sustain one of its material allegations, is a judgment of non-suit, which will not support a plea of *res judicata*.

Before ALDRICH, J., Charleston, February, 1885.

The opinion states the case.

*Messrs. Inglesby & Miller*, for appellant.

*Messrs. Simonton & Barker*, contra.

March 26, 1886. The opinion of the court was delivered by

Mr. Justice McIver. In 1882 the plaintiff brought an action against the defendant for obstructing his right of way and obtained a verdict. Upon appeal, this court held that the plaintiff, having alleged in his complaint that he was entitled to a right of way in gross and not a right of way appendant or appurtenant to his land, and there being confessedly no evidence that the plaintiff was entitled to a right of way in gross, he could not recover, even though he may have proved that he was entitled to a right of way appendant or appurtenant to his land described in the complaint, and that, as there were essential and marked distinctions between the two kinds of rights, the violation of these rights present different and distinct causes of action, which would have to be asserted and established by different and distinct allegations and proofs, the plaintiff's application for leave to amend could not be granted under the provisions of the code. Judgment was therefore rendered, dismissing the complaint. See 21 *S. C.*, 221, for a more full statement of the former case.

In 1884 the present action was commenced, and the plaintiff, in his complaint, after alleging that he is the owner of a plantation on John's Island known as "Caneslatch" plantation, as the devisee of his father, the late Wm. S. Whaley, proceeds to allege: "That the said Wm. S. Whaley, during his life-time, and the said plaintiff, since the death of his said father, had a right of way, by prescription, on foot and with horses, mules, carts, and carriages and other vehicles, by means of a road beginning on the said Caneslatch plantation and appurtenant and appendant thereto, and leading from the dwelling house on said plantation, in an eastwardly direction, through land of the said plantation and over the piece of land known as the three hundred acres, originally belonging to the adjoining Seven Oaks plantation, but afterwards purchased by the said William S. Whaley, the father of the plaintiff, from the defendant, William S. Stevens, and now the property of the said plaintiff, out to and across the public road leading to John's Island Ferry, through, over, and upon the adjoining land of the said defendant, known as the Seven Oaks plantation, in a continued eastwardly direction to a creek leading into Stono River, which said creek plaintiff alleges, as advised, is a public

highway, to wit, a navigable stream," &c.; and then alleges that defendant had obstructed said way.

The defendant pleaded *res adjudicata* and a general denial. The Circuit Judge sustained the plea of *res adjudicata*, and rendered judgment dismissing the complaint. From this judgment plaintiff appeals, and the sole question presented is whether the plea was properly sustained.

It is very manifest that the allegations in the complaints filed in the two actions were essentially different, and, as we think, it is equally manifest that the issues presented in the two actions were entirely different. It is true that the general object in both of the actions was the same—that is, to obtain damages for the same obstruction of what appears from the evidence to be substantially the same road, and an order of injunction to restrain defendant from continuing said obstruction. But to obtain the relief sought by the plaintiff, he was bound to establish the affirmative of two issues: 1st, whether he was entitled to a right of way, as alleged in his complaint; 2d, whether defendant had obstructed said way. Now, conceding that the second issue was the same in both of the cases, the first issue was certainly not. For, as this court held in the former case, the sole issue presented was whether the plaintiff was entitled to *a right of way in gross* over the land of defendant, while the issue presented in the present action is whether the plaintiff is entitled to *a right of way appendant or appurtenant* to his plantation known as "Caneslatch." As was held in the former case, "These two rights differ substantially, not in form merely, but in their nature and results. The violation of these rights present different and distinct causes of action, which would have to be asserted and established by different and distinct allegations and proofs;" and it was for this reason that leave to amend was refused. It follows, therefore, that it has already been adjudged that the causes of action in the two cases are not the same, and certainly a judgment obtained on one cause of action cannot be pleaded as *res adjudicata* to an action upon another cause of action; for in such a case one of the identities, "identity in the cause of action," necessary to a successful maintenance of such a plea, would be lacking, and

hence the plea could not be sustained. *Mauldin* v. *Gossett*, 15 *S. C.*, 576.

It seems to be supposed that the cause of action in both of the cases was the defendant's obstruction of the road, and, therefore, that it was the same in both cases. But this was only one of the elements going to make up the plaintiff's cause of action. As is said in *Pomeroy on Remedies*, section 519, pages 554–5: "Every action is based upon some primary right held by the plaintiff, and upon a duty resting upon the defendant corresponding to such right. By means of a wrongful act or omission of the defendant, this primary right and this duty are invaded and broken, and there immediately arises from the breach a new remedial right of the plaintiff, and a new remedial duty of the defendant. Finally, such remedial right and duty are consummated and satisfied by the remedy, which is obtained through means of the action, and which is its object. Now, it is very plain that, using the words according to their natural import and according to their technical legal import, the 'cause of action' is what gives rise to the remedial right, or the right of remedy, which is evidently the same as the term, 'right of action,' frequently used by judges and text-writers. This remedial right, or right of action, does not arise from the wrongful act or omission of the defendant, the delict, alone, nor from the plaintiff's primary right, and the defendant's corresponding primary duty alone, but from these two elements taken together. The 'cause of action,' therefore, must always consist of two factors, (1) the plaintiff's primary right and the defendant's corresponding primary duty, whatever be the subject to which they relate—person, character, property, or contract; and (2) the delict, or wrongful act or omission of the defendant, by which the primary right and duty have been violated," &c.

From this, it follows that the wrongful act of the defendant (if, indeed, it was wrongful), in obstructing the road in question, did not constitute the cause of action in either case, but would be only *one of the elements* of such cause in both cases, and could only in combination with the other necessary element, the plaintiff's primary right, constitute a cause of action; and as the nature of the plaintiff's right, as alleged in the first case, was essentially different from that alleged in the present action, it would seem to

follow that the causes of action in the two cases could not be the same.

But, in addition to this, we think the judgment in the former case was nothing more than a judgment of non-suit for failure of evidence to establish one of the material allegations of the complaint; and it certainly cannot be pretended that such a judgment, on such a ground, would support a plea of *res adjudicata.* The allegation being, as the court held, that the plaintiff was entitled to *a right of way in gross* merely, and there being manifestly no evidence to support such an allegation, judgment necessarily followed that the complaint should be dismissed.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.