STEEN v. MARK.

1. M took an absolute deed to lands of S, to secure a debt, and afterwards conveyed to A, who had notice of the facts, and who went into possession. S then brought action against M and A to redeem, and asked for an accounting, and there was slight testimony as to the rental value, but no adjudication as to the rents and profits. S was permitted to redeem within a stated time, upon payment of the balance ascertained to be due by him, failing which the land was sold and purchased by a stranger. Afterwards S brought this action against A alone to recover damages for the trespass committed by A in taking and holding possession. *Held*, that the rents of the property while in A's possession being a proper credit on the mortgage debt, that matter was necessarily involved in the former adjudication.

2. S not having the legal title, could not maintain an action of trespass at law against A, who was in possession under the legal title.

Before WITHERSPOON, J., Greenville, November, 1888.

Action by Thomas Steen against H. C. Mark. The opinion states the case.

*Mr. John R. Bellinger*, for appellant.

*Mr. M. F. Ansel*, contra.

March 13, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action commenced by Thomas Steen in his life-time to recover damages from the defen-

dant for trespasses alleged to have been committed by him upon the land of said Steen. Pending this appeal, Steen died intestate, and the action has been continued in the name of Julius C. Smith, as his administrator. Several defences were set up in the answer : 1st. A general denial. 2nd. That defendant was the legal owner of the land alleged to have been trespassed upon. 3rd. *Res adjudicata.*

The facts necessary to a proper understanding of the questions raised by this appeal are substantially as follows: Originally Steen owned the land in question, but in October, 1876, the same was sold by the sheriff under executions against him, and bid off by one Shumate, who, however, did not comply and took no title from the sheriff, but subsequently an arrangement was made between Steen and one Murphy, whereby the latter advanced the sum necessary to pay Shumate's bid, in addition to what Steen was able to pay himself, and it was agreed that Murphy should take titles from the sheriff to secure him in the amount so advanced, as well as certain other indebtedness incurred by Steen to Murphy. In pursuance of this arrangement, Shumate transferred his bid to Murphy, and titles were made to him by the sheriff. Subsequenty the said Murphy sold and conveyed the land to the defendant, Mark, who went into possession of the land and held the same until it was sold by order of the court, as hereinafter will be stated. It seems, however, that the defendant when he purchased, had notice of the arrangement between Steen and Murphy.

Afterwards a controversy having arisen between Steen and Murphy as to the terms of their arrangement, Steen brought an action against Murphy, to which Mark was made a party defendant, for the purpose of having the deed made by the sheriff to Murphy declared a mortgage to secure the indebtedness of Steen to Murphy, and to redeem the mortgaged premises, the relief demanded in that action being, "that there may be an accounting between the parties;" that the deed from the sheriff to Murphy may be declared a mortgage, and the deed from Murphy to Mark cancelled, and that upon the payment by Steen to Murphy of the mortgage debt, the land be reconveyed by him to Steen, "and for such other and further relief as may be just." The

defendants in that case answered, setting up defences which need not be stated here, and the issues were referred to the master to be heard and determined by him. At the reference before the master, the plaintiff in that case, Steen, testified, amongst other things, as follows: "The land was worth then about $1,200. I think $25 would have been a fair rent for it, but I never got that much from it." The master made his report, finding, in effect, that Steen was entitled to redeem upon payment of the mortgage debt, and that Mark having had notice of the arrangement between Murphy and Steen, could not protect himself under the plea of purchase for valuable consideration without notice; but there does not appear to have been anything said in the report as to the rents and profits of the land or of damages thereto. Upon exceptions to that report, the case was heard by the Circuit Court, and a decree made that upon the payment by Steen of the mortgage debt to Murphy, within a prescribed time, that Murphy reconvey the land to Steen, and that the deed from Murphy to Mark be cancelled; but in case Steen should fail to pay within the time prescribed, then that the land be sold at public outcry, and the proceeds be applied first to the costs, &c., next to the mortgage debt due to Murphy, and the balance, if any, turned over to Steen. In this decree, likewise, there does not appear to be any mention made of rents and profits or damages. Steen having failed to comply with the terms of the decree, the land was sold by the master at public outcry to a third person, for an amount more than sufficient to pay the mortgage debt, and the sale was duly confirmed.

After the decree above stated was made, Steen brought this action for damages as above stated, and the case came on for trial before his honor, Judge Witherspoon, and a jury. At the close of the plaintiff's testimony, the defendant moved for a non-suit on two grounds: 1st. Because the plaintiff had failed to show title to the land. 2nd. Because the matter was *res adjudicata*. The motion was overruled, the Circuit Judge saying: "As it is so late in the evening, I will overrule the motion, and it can come up on a motion for a new trial." To this ruling no exception was taken. The case having gone to the jury after hearing the testimony for the defence, a verdict was rendered in favor of

plaintiff for $150. Thereupon the defendant moved for a new trial upon the following grounds: 1st. Because of error in refus- ing the motion for a non-suit. 2nd. Because the judge refused to charge, as requested, that the matter was *res adjudicata*. The Circuit Judge adhered to his ruling in regard to the want of title on the part of the plaintiff; but said that he was now satisfied that he had erred in refusing to charge that the plea of *res adju- dicata* was sufficient to defeat plaintiff's action.

He therefore granted the motion for a new trial, and the plain- tiff appealed, alleging error in sustaining the plea of *res adjudi- cata*. The defendant also, according to the proper practice, gave notice that, if this court should find itself unable to sustain the order appealed from on the ground taken by the Circuit Judge, then he would ask the court to sustain the order upon the ground that plaintiff had no such title to the land as would enable him to sustain this action.

The first question therefore is, whether there was error in sus- taining the plea of *res adjudicata*. The object of the action brought by Steen against Murphy and Mark was primarily to have the deed to Murphy, absolute in form, declared a mortgage, and, that being done, to be allowed to redeem; and in that action Steen demanded "an accounting between the parties," besides the prayer for general relief. Regarding that action, then, as substantially an action to redeem. the inquiry is, whether an ac- counting for rents and profits or for damages done to the mort- gaged premises, while the same are in possession of the mort- gagee or his grantee with notice, is properly and necessarily inci- dent to such an action. On that subject it is said in 3 Pom. Eq. Jur., sec. 1216: "The general duty of the mortgagee in posses- sion towards the premises is that of the ordinary prudent owner. He must account in general for their rents and profits, or for their occupation value. When the land is in the occupation of tenants, he is chargeable with the gross actual rents and profits received, and with no more unless he has been guilty of a wilful default." And in sec. 1218 of the same work, it is said: "This accounting belongs exclusively to the equitable jurisdiction, and can be enforced only in a suit to redeem," &c.

Upon the principles thus laid down by this high authority,

there can be no doubt that if the mortgagee, Murphy, had been in possession after an action to redeem brought against him alone had been heard and determined, the claim of the mortgagor for rents and profits, or for damages done to the mortgaged premises while in his possession, could only have been heard and determined in that action, and hence no subsequent action against him could have been sustained for rents and profits or damages, for the matter would be regarded as *res adjudicata* by the judgment in the action to redeem, where the claim for rents and profits or damages should have been enforced. But in this case it appears that the action to redeem was not brought against Murphy, the mortgagee, alone, his grantee, Mark, being also a party, and the question is, how does that affect the principle above laid down ?

If, as we have seen, the duty of the mortgagee, who goes into possession of the mortgaged premises, is that of a prudent owner, bound to take care of them, and make them yield a proper rent, and is liable to account, under an action to redeem, for all rents he may receive from persons whom he may have placed in possession as his tenants, it would seem to follow that he would be equally liable where he has undertaken to sell the premises without lawful authority, and place his grantee in possession ; for the possession of his grantee is, in fact, his possession, and for such possession he would be liable to account under the action to redeem. If he received the proceeds of land which in equity and good conscience did not belong to him, but to the mortgagor, he should account for the same, whether such proceeds were received in the shape of purchase money and interest thereon, or in the form of rent, and in adjusting the amount of the mortgage·debt, under the action to redeem, the amount so received by the mortgagee should be deducted, and no subsequent action therefor could be sustained, because it will be regarded as already adjudicated by the decree in the action to redeem, in which alone the amount of the mortgage debt could be ascertained and determined. In addition to this, it appears that Steen, in the former action, not only demanded an accounting between the parties, but at the reference before the master offered some evidence, slight, it is true, as to the rents, and if the master ignored the claim for rents, as he seems to have done, Steen should have excepted to the re-

port on that ground, which he does not appear to have done, and it is too late now to set up the claim in another action. See *Boyce* v. *Boyce,* 6 Rich. Eq., 302; *Banker* v. *Hendricks,* 24 S. C., 1. It seems to us, therefore, that there was no error upon the part of the Circuit Judge in sustaining the plea of *res adjudicata.*

But, if we are in error in this view, the order appealed from may be sustained upon the ground that plaintiff had no such title as would enable him to recover in this action. The legal title which Steen once held in this land certainly passed out of him when it was sold by the sheriff and by that officer conveyed to Murphy. Under that title Murphy and his grantee, Mark, had the legal right to go into possession, and neither of them could be properly regarded as trespassers in so doing, and as the action herein is based solely upon the allegation that a trespass has been committed, it certainly cannot be maintained. Granting that Steen had such an equity as would have entitled him to a reconveyance upon certain conditions, which, however, he never complied with, yet he not only never was re-invested with the legal title, but never could have been until he complied with the necessary precedent condition. It may be that, on the equity side of the court, under proper allegations and proofs, Steen might have been entitled to demand an accounting for the use and occupation of the land in which he had such an equitable interest, but we are unable to perceive upon what principle he could maintain an action on the law side of the court against a party in possession under a legal title for trespass.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.