RHOAD v. PATRICK.

1. TRIAL JUSTICE JUDGMENT—TRANSCRIPT—RES JUDICATA.—A decree of the Common Pleas, vacating an execution issued by its clerk on a judgment of a trial justice court, transcripted more than five years after its rendition, but making no determination as to the judgment, as prayed for in the complaint, did not prevent a subsequent order, under proper proceedings, reviving such judgment and giving leave to issue execution.

2. IBID.—IBID.—REVIVAL.—A Court of Common Pleas may order a judgment of its court, obtained before a trial justice, and a transcript lodged more than five years after its rendition, revived eight years after its rendition, and may grant leave to issue an execution thereon.

3. IBID.—IBID.—IBID.—A transcript of the trial justice judgment having been filed by the clerk of court, the judgment became a judgment of the Court of Common Pleas, and subject to the law regulating the revival of judgments of that court; and a proceeding in the Common Pleas to revive such transcripted judgment is unaffected by the statute limiting the time for issuing execution on trial justice judgments.

Before NORTON, J., Colleton, June, 1891.

The opinion states the case.

*Messrs. Fishburne & Gruber,* for appellant.

*Mr. J. C. DeTreville,* contra.

November 17, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. On December 8, 1883, Trial Justice J. H. Knight, Esq., in the case of J. Linder Rhoad *v.* G. W. Patrick, entered a judgment for the plaintiff in the sum of $97.93. The trial justice never issued any execution upon the judgment, but on December 20, 1888, the judgment was "transcripted" to the Court of Common Pleas of the county, and docketed in the office of the clerk of the county, who issued an execution thereon "as a judgment of the Circuit Court." This execution was levied upon six bales of cotton, the property of the defendant, whereupon the said defendant Patrick applied for an order:[1] (1) that said execution be quashed; (2) that

---

[1] In an action by complaint.—REPORTER.

the sheriff be perpetually enjoined from proceeding thereunder; (3) that said alleged judgment, entered up by the clerk of the Court of Common Pleas, be vacated; and (4) for the costs of the motion. Judge Izlar, before whom the motion was made, after remarking, "that the transcript of the judgment was not filed in the Court of Common Pleas until December 20, 1888, more than three years after the rendition thereof, and after the right to issue execution thereon had been lost: "*Ordered*, that said execution be quashed and vacated, and the property levied upon by the sheriff thereunder be released from levy."

Afterwards, in May, 1891, the plaintiff, making affidavit that no part of the debt had ever been paid, procured to be issued a rule against the defendant Patrick, requiring him to show cause why the aforesaid judgment should not be revived and execution issued thereon. To which the defendant made "return," that more than three years having elapsed from the rendition of the judgment to the filing of the "transcript," the right to issue execution was lost before the transcript was filed; and, also, that this very matter was "adjudicated" by Judge Izlar in a proceeding had by this defendant against the plaintiff herein (above stated), tried at the February term of this court (1891), to which reference is prayed; and asked that the rule might be discharged. Judge Norton, after argument, held, that no sufficient cause had been shown why the plaintiff's motion should not be granted, and *ordered*, that the plaintiff should have leave to revive his judgment, and issue execution thereon. From this order the defendant Patrick appeals to this court, upon exceptions, which we will now consider in their inverse order.

The third exception is: "For, that his honor, Judge Norton, erred in holding that the issues raised in the case of Rhoad *v.* Patrick, were not 'adjudicated' by the court, in the case of Patrick *v.* Rhoad." In the proceeding referred to, Judge Izlar made no order in response to the prayer that he should vacate the judgment. He only quashed the execution, for the reason that it was issued more than three years after the rendition of the judgment in the trial justice court. The matter now before the court is not *res adjudicata.*

There was no motion before Judge Izlar to revive the judg-ment and renew execution, and, therefore, his order could not, and did not, decide the question which was before Judge Norton, as to the validity or invalidity of the judgment. See *Hart v. Bates*, 17 S. C., 40; and *ex parte Roberts*, 19 *Id.*, 157.

The first and second exceptions complain that Judge Norton erred in deciding that the plaintiff was entitled to have his judgment revived, and execution issued against the defendant. This is a very general statement, without intimating the ground of such alleged error. It was, however, stated in argument, that subdivision 12 of section 88 of the Code, declares that "executions may be issued on a judgment rendered in trial justice courts at any time within three years after the rendition thereof." This does negative the right after the time indicated, without leave first obtained. But, as it seems to us, that has no application to this case. The trial justice has never issued any execution at all; and the one issued by the clerk, without first obtaining leave, as required by section 304 of the Code, was set aside by Judge Izlar, and from his order there was no appeal. The question now is as to the status of *the judgment*. A party who obtains a *judgment* in a trial justice court, may have a transcript thereof lodged in the office of the clerk of the Court of Common Pleas of the county, and *the clerk* shall issue execution to the sheriff of the county. So far as we are informed, there is no statutory limit of *time* within which this transfer must be made. It would seem, therefore, that there can be no *legal objection* on account of the delay which occurred in filing the transcript in this case.

It is, however, suggested by the appellant that, notwithstanding the transcript, the judgment still retains the essential character of a simple judgment of the trial justice court, and as such can not be *revived* by rule to show cause, *after five years* from the rendition thereof in the trial justice court. We can not agree that this view would be in accordance with our acts upon the subject. Sec. 87 of the Code declares in express terms, that "the time of the receipt of the transcript by the clerk shall be noted thereon, and entered in the docket; and from that time the judgment shall be a judgment of the

Circuit Court." Subdivision 13 of sec. 88 of the Code provides, that "if the judgment be docketed with the clerk, the execution shall be issued by him to the sheriff of the county, and have the same effect, and be executed in the same manner, as other executions and judgments of the Circuit Court," &c. Sec. 311 of the Code, as amended in 1885, directs that, "when judgment shall have been rendered in a court of a trial justice or other inferior court, and docketed in the office of the clerk of the Circuit Court, the application for leave to issue execution must be to the Circuit Court of the county where the judgment was rendered," &c. See, also, *Lawrence v. Isear*, 27 S. C., 244.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.