ELGIN NAT. WATCH Co. *v.* MEYER and others.[1]

*(Circuit Court, E. D. Missouri.  November 3, 1886.)*

ESTOPPEL—JUDGMENT—FRAUDULENT CONVEYANCES—GENERAL ASSIGNMENT.
    A judgment creditor, who has been defeated in a suit to have conveyances made in payment of indebtedness by an insolvent debtor declared fraudulent and void, is not estopped from subsequently bringing another suit to have such conveyances declared part of a general assignment.[2]

In Equity.  Plea in abatement.
*Dyer, Lee & Ellis*, for complainant.
*Krum & Jonas*, for defendants.

BREWER, J., (*orally.*)  In the case of *Elgin Nat. Watch Co.* v. *Meyer* these facts appear:  The Eisenstadts, being insolvent, executed conveyances in payment of certain indebtedness.  In a few days thereafter they made a general assignment.  This plaintiff, in connection with other creditors, brought suits in attachment.  These attachments were sustained.  This plaintiff then filed its bill to subject that property covered by those conveyances to the payment of its judgment, claiming that the debts were fraudulent, and the conveyances void.  Upon hearing, the issues were found in favor of the defendants, and a decree entered dismissing the bills.  Thereafter this plaintiff filed this bill, alleging that those conveyances, though made in payment and satisfaction of conceded indebtedness, should be treated as merely a part of the general assignment; and invoking in its aid that series of decisions of the federal courts of this state, by which all conveyances made at the same or nearly the same time by an insolvent, of all of his property, are adjudged as parts and parcels of one general assignment.  To this bill a plea of abatement is filed, setting forth the former suit and adjudication in behalf of the defendants.

I think that the plea in abatement must be overruled.  Generally speaking, a party who mistakes as to his right and remedy is not thereby estopped from thereafter asserting his real rights, and pursuing his true remedy.  The only penalty that falls upon him is the payment of the costs and expenses of the suit in which he fails, and it would oftentimes be very harsh if the plaintiff's mistake—a mistake perhaps founded on ignorance of all the facts—should work a denial of all rights and every remedy.

I am aware that the supreme court of this state has held that, where there is a general assignment, the creditor who attacks its va-

---

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

[2] As to when a judgment is not an estoppel, see Bigley v. Jones, (Pa.) 7 Atl. Rep. 54; Dicken v. Hays, Id. 58; Riverside Co. v. Townsend, (Ill.) 9 N. E. Rep. 65, and note; Weiss v. Guerinean, (Ind.) 9 N. E. Rep. 399; Richardson v. Richards, (Minn.) 30 N. W. Rep. 457.

lidity, if he fails in his attack, forfeits his right to share in the property conveyed; thus placing before him the election whether to attack the assignment as wholly void, or to come in and share with the other creditors in its benefits. Whether that doctrine is binding upon this court or not, it seems to me it should not be carried beyond the very letter of its terms. And here these conveyances were not, in terms at least, part of the general assignment. They were executed before. They were separate conveyances, and the duties imposed by the general assignment, if I remember rightly the statements of counsel, have been fully performed by the assignee. Here is property which did not, in terms, pass under that assignment, which these creditors are claiming should be held subject to the claims of all creditors.

I appreciate the fact that under our system of laws a defendant who succeeds in obtaining judgment really gets little compensation. He recovers his costs, but he has nothing to compensate him for the attorney's fees and other expenses to which he has been put; and it is oftentimes a hardship upon him that he should be subjected to one and then another suit. But more often it would be a greater hardship to cut off the plaintiff from all remedy, because he has made a mistake in the one first pursued.

. The plea in abatement, therefore, will be overruled, and leave given to the defendant to answer by the December rules.