JOHN SCHILSTRA et al.

*v.*

ARIE J. VAN DEN HEUVEL et al.

[Argued November 25th, 1913.  Decided March 16th, 1914.]

1. Under the system of jurisprudence which prevails in this state, the only tribunal in which the right to an office can be judicially determined is the supreme court, and the only method by which it can be put in issue is by proceedings in the nature of a *quo warranto.*

2. And this is true not only with relation to state and municipal offices, but also those of private corporations, religious as well as secular.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported *ante p. 155.*

*Mr. Charles B. Bradley,* for the appellants.

*Mr. Andrew Foulds, Jr.,* and *Mr. Lewis A. Allen,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The congregation of the Northside Christian Reformed Church of Passaic became embroiled over the action of the classis of Hudson (the governing body of the denomination to which the church belonged) in attempting to terminate the pastorate of the Rev. Arie J. Van Den Heuvel, and, as a result thereof, a large number of the congregation seceded from the religious denomination of which they were members and joined another and entirely distinct denomination known as the Reformed Church of America.

Mr. Van Den Heuvel and the whole membership of the trustees of the church were among the seceders.  These gentlemen claimed

the right not only to change their religious creed, but also to take with them into the new fold that they had entered the church property and temporalities of the congregation from which they had seceded.

After this had been done those of the congregation who remained true to the tenets, laws, customs and principles of the Christian Reformed Church elected the complainants as trustees in the place of those who had withdrawn from membership. The present bill was filed by these trustees (on behalf of themselves and such other members of the congregation, who had not seceded, as chose to join them in the litigation) to obtain a decree adjudging them to be the real trustees of the church, and restraining the defendants—who are the seceding pastor and members of the old board of trustees—from intermeddling with the property and temporalities of the Northside Christian Reformed Church of Passaic, and from diverting, or attempting to divert, the same or any part thereof from the uses and purposes to which it was originally dedicated, and compelling them to turn over the possession and custody of such property and temporalities to the complainants.

The relief sought was decreed to the complainants, and the defendants appeal.

The facts in the case pertinent to its determination are fully set out in the opinion filed by the vice-chancellor in the court below, and it is unnecessary to repeat them here. Upon these facts, and for the reasons stated by the learned vice-chancellor, we conclude that the decree advised by him is fully justified, except in one particular, viz., the adjudication that the complainants, and not the defendants, constitute the board of trustees of the Northside Christian Reformed Church of Passaic, and as such are entitled to the custody and possession of the property and temporalities of that church. In this particular we consider the decree *coram non judice.* Under the system of jurisprudence which prevails in this state, the only tribunal in which the right to an office can be judicially determined is the supreme court, and the only method by which it can be put in issue is by proceedings in the nature of a *quo warranto. Simon* v. *Hoboken, 52 N. J. Law (23 Vr.) 367; Roberson* v. *Bayonne,*

*58 N. J. Law (29 Vr.) 325; Casey* v. *Chase, 64 N. J. Law (35 Vr.) 207; Miller* v. *Washington, 67 N. J. Law (38 Vr.) 167; DuFour* v. *State Superintendent, 72 N. J. Law (43 Vr.) 371; Bumsted* v. *Blair, 73 N. J. Law (44 Vr.) 378.* And this is true not only with relation to state and municipal offices, but also those of private corporations (*Owen* v. *Whitaker, 20 N. J. Eq. (5 C. E. Gr.) 122; Hankins* v. *Newell, 75 N. J. Law (46 Vr.) 26*), religious as well as secular. *State* v. *Crowell, 9 N. J. Law (4 Halst.) 390; Pulis* v. *Iserman, 71 N. J. Law (42 Vr.) 408.*

We conclude, therefore, that the decree appealed from should be affirmed in part, and reversed in part, as above indicated, and it will be so ordered.

Neither party will be allowed costs as against the other.

*For modification*—THE CHIEF-JUSTICE, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER—10.