·10841

JOHNSTON-CREWS CO. v. FOLK *ET AL.*

(111 S. E. 15)

1. JUDGMENT—DECREE IN CREDITOR'S SUIT DECLARING A DEED VALID HELD NOT RES ADJUDICATA IN A SUBSEQUENT CREDITOR'S ACTION.— A decree, holding a deed valid in a creditor's action to have it declared fraudulent and void, was not res adjudicata in a subsequent creditor's action to have it set aside under the recording Act, wherein the validity of the deed as between grantor and grantee was conceded, as such matter was not, and could not have been, involved in the former action.

2. JUDGMENT—ESSENTIAL ELEMENTS OF RES ADJUDICATA.—The essential elements of res adjudicata are identity of the parties, identity of the subject-matter, and an adjudication in the former suit of the precise question sought to be raised in the second suit.

3. JUDGMENT—WHERE FORMER ADJUDICATION IS CONCLUSIVE OF ISSUES THAT MIGHT HAVE BEEN RAISED.—If identity of parties and identity of causes of action have been established, the former ad-

judication is conclusive, not only of the precise issues raised and determined, but of such as might have been raised affecting the main issue, but if the identity of the parties has been established, but the identity of the causes of action has not, any issue appearing to have been actually adjudicated in the former suit is conclusive upon the parties in the subsequent action.

Before DeVore, J., Hampton, April, 1921.    Affirmed.

Action by Johnston-Crews Co. against Richie B. Folk et al.    Judgment for plaintiff and defendants appeal.

The decree of Judge DeVore was as follows:

This matter comes before me on report of the referee herein.  This is an action to declare invalid a deed from J. G. Folk to Richie B. Folk, nee Choven, as it affects the rights of plaintiff and other creditors in like situation and circumstance.  The deed in question is dated December 24, 1912, and was recorded January 20, 1914.  It purported to convey a one-third interest in 1,000 acres of land in Hampton County, S. C.  The value of the land is between $10 and $30 per acre.  On the executions on the various judgments proved, returns nulla bona have been made by the Sheriff.  The following claims have been proved: Johnston-Crews Company, judgment dated February 21, 1917, $591.67; Southern Fertilizer & Chemical Company, judgment dated June 25, 1917, $572.10; L. C. Peeples Clothing Company, judgment dated February 21, 1917, $110.25; Crumley-Sharp Hardware Company, judgment dated February 21, 1917, $83.67; W. L. Douglas Hat Company, judgment dated February 21, 1917, $133.75; International Shoe Company, judgment dated February 13, 1917, $300.00; H. S. Meinhard & Co., $513.44—all of which accrued during 1913.

In addition to the foregoing quite a number of creditors holding claims which were made between the date of the deed and the recording thereof were filed with the attorney for plaintiff and the referee.

There seems to be very little dispute regarding the facts of the case. J. G. Folk operated a store at Brunson during 1913, and made numerous accounts. So far as the records in the office of the Clerk of Court went, there was nothing to disclose the transaction of the deed in question. There is some testimony that credit was advanced him on faith of his ostensible ownership of one-third of a 1,000-acre plantation. He conveyed this in 1912, and the deed was not recorded by his wife, the grantee, until 1914. J. G. Folk testified that he was "broke" when he went in business. He was insolvent as the record shows. No apparent dispute has arisen between the parties or in argument as to the facts. Hence, in so far as this case is concerned, the prayer of the plaintiff must be granted.

The defendants, some of whom have been recently substituted for J. G. Folk, now deceased, mainly rely, and certainly in argument of counsel before me, relied upon the plea of res adjudicata set up in the answer. There was a suit brought by H. S. Meinhard & Co. for itself and others against J. G. Folk and his wife prior to the bringing of this suit by Johnston-Crews Company for itself and others against the same defendants. The Meinhard suit was an action to set aside the deed for fraud as the complaint discloses. The final order in that suit is short, and is as follows:

"The above-entitled case came up before me upon exceptions to the report of the Special Referee herein and after hearing argument, I find that there was not sufficient testimony to warrant me in setting aside the deed in question for fraud, the complaint stating but the one cause of action for fraud. The complaint was not drawn to set aside the deed under the recording Act."

It will be observed that in the Meinhard suit it was adjudicated that the complaint there stated but the one cause of action for fraud, and that the Court there specifically

stated that the complaint was not drawn to set aside the deed under the recording Act. If all other essentials in the establishment of the plea of res adjudicata were present, this Court is of the opinion that judgment in the Meinhard case would prevent the successful interposition of the plea in the instant case. A reading of the two complaints clearly discloses that different causes of action are stated therein; the one being for fraud, the other for the recording Act.

Therefore, it is ordered, adjudged and decreed that the title deed executed by J. G. Folk to Richie B. Chovin, dated December 24, 1912, and recorded January 20, 1914, in Book 22-D, at page 76, in the office of the Clerk of Court for Hampton County, S. C., be, and same is hereby, declared invalid, and is set aside as to those unpaid creditors hereinabove mentioned and those creditors whose accounts with J. G. Folk were created between the date of the said deed, to wit, December 24, 1912, and the date of the record thereof, to wit, January 20, 1914, and to those to whom J. G. Folk became indebted between said dates.

There are quite a number of creditors whose claims were filed with plaintiff's attorney at the commencement of this action, and also filed with the Referee. In order that such creditors may participate in the benefit of this decree, it is ordered that E. M. Peeples be appointed Special Referee to herein determine the validity and dates of the said claims, and, if no appeal be taken from the decision of said Referee, then such claims may be allowed to participate in the benefit of this decree.

It is further ordered that M. F. Thomas be, and he is hereby, appointed Special Master for the specific purpose of offering for sale and selling the property mentioned and described in the said deed and hereinafter described. It is ordered that the said M. F. Thomas, as Special Master, be, and he is hereby, required to offer for sale or sell the

said property in front of the courthouse at Hampton, S. C., on some convenient sales day hereafter to the highest bidder for cash during the legal hours of sale, said sale to be made after three weeks, advertisement of the time, place, and condition of said sale in the Hampton County Guardian, a newspaper, and by posting a copy of such advertisement on the courthouse door of Hampton, S. C.; that upon such sale the said Special Master shall make, execute, and deliver to the purchaser a good and sufficient title deed to the one-third interest of J. G. Folk, or his estate in and to all that piece, parcel, or tract of land in Hampton County, S. C., containing 1,000 acres, more or less, bounded on the north by lands of Gifford and Beach Branch Church; on the east by Greenleaf, Parnell and others; on the south by the estate of Franklin Johnson; and that on the west by lands of Mears and estate of Lawton; that out of the proceeds of such sale the said Special Master shall first pay the costs and expenses of this action, and then pay to the creditors participating in the benefits of this decree as hereinabove set forth the amount of their respective claims, and, if there be any remaining funds in his hands as such Special Master, that such be held for disbursement subject to the further orders of this Court.

Further ordered that either party shall have leave to apply at the foot of this order for such further orders as may be desired, provided such applicant shall give at least five days' notice to the adverse party of the grounds for such further order.

Let copies of this order be served upon counsel for the defendants forthwith.

*Mr. W. B. DeLoach,* for appellant, cites: *When former judgment is a bar*: 96 S. E., 644; 9 S. C., 28; 17 S. C., 44; 77 S. C., 508; 81 S. C., 516.

*Messrs. George Warren* and *Hugh O. Hanna,* for respondent, cite: *When former judgment is a bar*: 17 S.

C., 35; 2 Smith's Lead. Cas., 424; 17 S. C., 202; 19 S. C., 156; 41 S. C., 80; 43 S. C., 440; 50 S. C., 87; 52 S. C., 607; 53 S. C., 289; 55 S. C., 510; 68 S. C., 460; 77 S. C., 89; 77 S. C., 508; 84 S. C., 196; 19 S. C., 254; 49 S. C., 412; 26 S. C., 176; 31 S. C., 580; 36 S. C., 598; 37 S. C., 519; 41 S. C., 176; 49 S. C., 512; 52 S. C., 35; 52 S. C., 175; 77 S. C., 503; 81 S. C., 519; 84 S. C., 510; 87 S. C., 133; 98 S. C., 192; 110 S. C., 88; 113 S. C., 541. *Judgment in a case questioning constitutionality of an Act on one ground will not adjudicate the constitutionality on another ground*: 113 S. C., 541; 146 U. S., 279; 101 U. S., 677; 56 S. C., 516; 43 S. C., 15; 78 S. C., 352; 37 C. C. A., 493; 38 C. C. A., 167. *Estoppel is only as to point actually litigated*: 94 U. S., 351; 101 U. S., 639; 103 U. S., 71; 104 U. S., 510; 109 U. S., 356; 117 U. S., 565; 121 U. S., 532; 122 U. S., 317; 227 U. S., 440; 144 U. S., 610; 215 U. S., 252; 22 S. E., 802; 63 S. C., 78.

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

A creditor's bill, seeking to have the Court declare invalid, so far as their claims are concerned, a certain deed executed by the debtor to a young woman (afterwards his wife), not recorded within the statutory period, and to subject the interest of the debtor to the payment of said claims.

The following facts appeared: In the year 1912, J. G. Folk, the debtor, was a farmer near Brunson, S. C. He testified that the grantee of the deed, Miss Richie B. Chovin, had been a member of his family since she was 8 years old; that he lost his wife in 1912, and the young woman, who was then about 18 years old and in school in Charleston, was induced to return to his home and assume the

cares of his household, upon his promise to convey to her his one-third interest in a tract of land which belonged to his deceased wife, containing about 1,000 acres and valued at $10 to $30 per acre; that she did return, and on December 24, 1912, he executed and delivered the deed in compliance with his agreement; that he married the young woman in 1914. This deed though executed in 1912, was not put upon record January 20, 1914. In the meantime, in August, 1913, Folk embarked in the mercantile business, and during the year of 1913 contracted debts to wholesale merchants and others to the aggregate amount of about $2,500. Early in the year 1917 these claims were put in judgment, and nulla bona returns were entered upon the executions. At some time prior to February 13, 1918, exactly when does not appear in the record, an action was instituted by Meinhard & Bro., creditors of J. G. Folk—a creditor's bill, against him and his wife—for the purpose of having said deed declared fraudulent and void, under the Statute of Elizabeth. This action was terminated in favor of the defendants by the following decree of Judge Spain:

"The above-entitled case came up before me upon exceptions to the report of the Special Referee herein, and, after hearing argument, I find that there was not sufficient testimony to warrant me in setting aside the deed in question for fraud; the complaint stating but one cause of action for fraud. The complaint was not drawn to set aside the deed under the recording Act."

This decree was dated February 13, 1918. On February 20, 1918, a week thereafter, the plaintiff, Johnston-Crews Company, instituted this action for the purpose above stated.

The defendants insist that, the plaintiff having come into the Meinhard suit as a creditor, the decree in that case is res adjudicata, so far as the present cause of action is

concerned.    Judge Devore in a decree, which will be reported, held against the contention of the defendants, and granted full relief as prayed for by the plaintiff.    The debtor died after the present suit was instituted, and it has been continued against his heirs at law and administratrix, who have appealed from the decree of Judge Devore.    The decree of the Circuit Judge was right, and should be sustained.

The adjudication sought by the plaintiff to be established in the action at bar is that in 1912 J. G. Folk executed a valid deed conveying his interest in the land to Miss Richie B. Chovin (afterwards his wife) ; that this deed was not recorded until 1914; that in the meantime Folk contracted debts, being apparently the owner of the land; that while Folk's title fully passed by the deed to his grantee, the latter holds the title subject to the claims of subsequent creditors.

The adjudication sought by the plaintiffs to be established in the former action was that in 1912 J. G. Folk executed an invalid deed, attempting to convey his interest in the land to Miss Richie B. Chovin; that this deed was executed with the intent to hinder, delay, and defraud his creditors, and was void; that the title of Folk never passed out of him; and that the land as the property of Folk was subject to the claims of his creditors.    This adjudication was denied to the plaintiffs; the Court on the contrary holding that the conveyance was not fraudulent, but was a valid transfer of Folk's title to his grantee, reserving expressly the question raised by the plaintiff in the action at bar.

Tested by the principles of the doctrine of res adjudicata, we do not see how it is possible to decide that the second action, involving a diametrically opposite theory, is concluded by the adjudication established in the former action.    The first action viciously attacks and denies the validity of the deed; the second concedes

its validity, as between grantor and grantee, and seeks to enforce the rights of subsequent creditors against the holder of the legal title under that deed, a matter which was not and could not have been involved in the former action.

The following have been declared to be the essential elements of res adjudicata: (1) Identity of the parties; (2) identity of the subject-matter; (3) an adjudication in the former suit of the precise question sought to be raised in the second suit. *Hart v. Bates,* 17 S. C., 35.

1. It may be assumed that the identity of the parties has been established. The former action, that of Meinhard & Bro., was a creditor's bill, in which Johnston-Crews Company intervened and participated by proof of their claim. The action at bar is a creditors' bill instituted by Johnston-Crews Company.

2. As to the identity of the subject-matter, or as variously expressed the claims, demands, or causes of action: The causes of action in the two suits are essentially different. Entirely different allegations are made, requiring as different evidence. In the one, the validity of the deed is attacked as fraudulent and void; in the other it is conceded to be valid. In the one, the plaintiff could have succeeded only by proving that the deed was executed with the intention on the part of both grantor and grantee, of hindering, delaying, and defrauding the creditors of the grantor. In the other the plaintiff can succeed by conceding what was in issue in the former suit, the validity of the deed, and by proving that the plaintiff was a bona fide creditor of the grantor, induced to extend credit to him upon the faith of his ownership of the land, the title to which apparently was in him, unaffected by the deed previously executed, but not recorded until after the debts were contracted.

The point cannot be better illustrated than by the case of *Whaley v. Stevens,* 21 S. C., 221. In that case the plaintiff brought an action against the defendant for obstructing his

right of way, and obtained a verdict. Upon appeal (24 S. C., 479) this Court held that, the plaintiff having alleged in his complaint that he was entitled to a right of way in gross, and not a right of way appendant or appurtenant to his land, and there being confessedly no evidence that the plaintiff was entitled to a right of way in gross, he could not recover, even though he may have proved that he was entitled to a right of way appendant or appurtenant to his land described in the complaint; and that, as there were essential and marked distinctions between the two kinds of rights, the violation of these rights present different and distinct causes of action, which would have to be asserted and established by different and distinct allegations and proofs, the plaintiff's application for leave to amend could not be granted under the provisions of the Code. Judgment was therefore rendered, dismissing the complaint. Thereafter the plaintiff brought a second suit, alleging that he was entitled to a right of way appendant or appurtenant and not in gross, as he alleged in the former action. The defendant pleaded that the first suit was an adjudication of the plaintiff's rights, and barred him, as res adjudicata, from maintaining the second. The plea was sustained by the Circuit Judge. Upon appeal this Court (Justice McIver rendering the opinion of the Court) held as follows:

"It is very manifest that the allegations in the complaints filed in the two actions were essentially different, and, as we think, it is equally manifest that the issues presented in the two actions were entirely different. It is true that the general object in both of the actions was the same; that is, to obtain damages for the same obstruction of what appears from the evidence to be substantially the same road, and and order of injunction to restrain defendant from continuing said obstruction. But to obtain the relief sought by the plaintiff, he was bound to establish the affirmative of

two issues: First, whether he was entitled to a right of way, as alleged in his complaint; second, whether defendant had obstructed said way. Now, conceding that the second issue was the same in both of the cases, the first issue was certainly not. For, as this Court held in the former case, the sole issue presented was whether the plaintiff is entitled to à right of way in gross over the land of defendant, while the issue presented in the present action is whether the plaintiff is entitled to a right of way appendant or appurtenant to his plantation known as 'Caneslatch.' As was held in the former case: 'These two rights differ substantially, not in form merely, but in their nature and results. The violation of these rights present different and distinct causes of action, which would have to be asserted and established by different and distinct allegations and proofs'—and it was for this reason that leave to amend was refused. It follows, therefore, that it has already been adjudged that the causes of action in the two cases are not the same, and certainly a judgment obtained on one cause of action cannot be pleaded as res adjudicata to an action upon another cause of action; for in such a case one of the identities, 'identity in the cause of action,' necessary to a successful maintenance of such a plea, would be lacking, and hence the plea could not be sustained. *Mauldin v. Gossett,* 15 S. C., 576.

"It seems to be supposed that the cause of action in both of the cases was the defendant's obstruction of the road, and, therefore, that it was the same in both cases. But this was only one of the elements going to make up the plaintiff's cause of action. As is said in Pomeroy on Remedies, Section 519, pages 554, 555: 'Every action is based upon some primary right held by the plaintiff, and upon a duty resting upon the defendant corresponding to such right. By means of a wrongful act or omission of the defendant, this primary right and this duty are invaded and

broken, and there immediately arises from the breach a new remedial right of the plaintiff, and a new remedial duty of the defendant. Finally such remedial right and duty are consummated and satisfied by the remedy, which is obtained through means of the action, and which is its object. Now, it is very plain, using the words according to their natural import, and according to their technical legal import, the "cause of action" is what gives rise to the remedial right, or the right of remedy, which is evidently the same as the term, "right of action" frequently used by judges and text writers. This remedial right, or right of action, does not arise from the wrongful act or omission of the defendant, the delict, alone, nor from the plaintiff's primary right, and the defendant's corresponding primary duty alone, but from these two elements taken together. The "cause of action," therefore, must always consist of two factors: (1) The plaintiff's primary right and the defendant's corresponding primary duty, whatever be the subject to which they relate—person, character, property, of contract; and (2) the delict, or wrongful acts of omission of the defendant, by which the primary right and duty have been violated,' etc.

"From this, it follows that the wrongful act of the defendant (if, indeed, it was wrongful), in obstructing the road in question, did not constitute the cause of action in either case, but would be only one of the elements of such cause in both cases, and could only in combination with the other necessary element, the plaintiff's primary right, constitute a cause of action; and as the nature of the plaintiff's right, as alleged in the first case, was essentially different from that alleged in the present action, it would seem to follow that the causes of action in the two cases could not be the same."'

This case fully answers the suggestion that might possibly be made, that as the effort of the plaintiffs in each

case was to subject the land to the payment of their debts, the causes of action were identical.

3. As to the third element as stated above: In the case of *Hart v. Bates,* 17 S. C., 35, the element is stated in rather tabliod form thus: "The precise point must have been ruled." This requires some amplification. If the identity of the parties and the identity of the causes of action have been established, the former adjudication is conclusive, not only of the precise issues raised and determined, but such as might have been raised affecting the main issue. If the identity of the parties has been established, but the identity of the causes of action has not, any issue appearing upon the record or by extrinsic evidence to have been adjudicated in the former suit is conclusive upon the parties in a subsequent action. If the identity of the parties has been established but the identity of the causes of action has not, the former judgment is conclusive only as to those issues actually determined; that is, the rule of conclusiveness as to matters which might have been litigated has no application. The last proposition is the only one of the three applicable to the case at bar, and it only will be re-enforced by authorities.

"But the weight of authority is that, where the second action, although between the same parties, is on a different cause of action, the judgment is not conclusive on all matters which might have been litigated in the former action, but only as to such points or questions as were actually in issue and adjudicated therein." 23 Cyc., 1297, citing many cases from Supreme Court of United States and other jurisdictions; 15 R. C. L., 973.

"If the second action is upon the same claim or demand as that in which the judgment pleaded was rendered, the judgment is·an absolute bar not only of what was decided, but of what might have been decided. If the second action was upon a different claim or demand, then the judgment

is an estoppel 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' " *Bates v. Bodie,* 245 U. S., 520; 38 Sup. Ct., 182; 62 L. Ed., 444; L. R. A., 1918C, 355; *V-C Co. v. Kirven,* 215 U. S., 252; 30 Sup. Ct., 78; 54 L. Ed., 179; *Troxwll v. Railroad Co.,* 227 U. S., 434; 33 Sup. Ct., 274; 57 L. Ed., 586; *Radford v. Myers,* 231 U. S., 725; 34 Sup. Ct., 249; 58 L. Ed., 454; *Hart v. R. Co.,* 244 U. S., 294; 37 Sup. Ct., 506; 61 L. Ed., 1148.

"The language, therefore, which is so often used that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, when applied to the demand or claim in controversy. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. * * * On principle, a point not in litigation in one action cannot be received as conclusively settled in any subsequent action upon a different cause, because it might have been determined in the first action." *Cromwell v. County of Sac.,* 94 U. S., 351; 24 L. Ed., 195.

In a subsequent suit between the same parties on the same claim, a judgment in the former suit is conclusive as to every matter that might have been determined; but, where the second suit is upon a different claim, the former judgment is conclusive only as to those issues actually determined. *Lim Jew v. U. S.,* 196 Fed., 736; 116 C. C. A., 364; *Grider v. Groff,* 202 Fed., 685; 121 C. C. A., 95; *Savage v. Central Co.,* 59 Colo., 66; 148 Pac., 254; *Scott v. Scott,* 83 Conn., 634; 78 Atl., 314; Ann. Cas., 965; *Blackford v. Wilder,* 28 App. D. C., 535, certiorari denied, 205 U. S., 541; 27 Sup. Ct., 788; 51 L. Ed., 922; *Prall v.*

*Prall,* 58 Fla., 496; 50 South., 867; 26 L. R. A. (N. S.), 577; *State v. Center Creek Mining Co.,* 262 Mo., 490; 171 S. W., 356; *Tudor v. Kennett,* 87 Vt., 99; 88 Atl., 520; *Elk Garden v. Thayer Co.* (D. C.), 206 Fed., 212 *Campbell v. Martin,* 89 Vt., 214; 95 Atl., 494; *Hudson v. Land Co.,* 71 W. Va., 402; 76 S. E., 797; *Campbell v. Hammer,* 78 Or., 612; 153 Pac., 475; *Campbell v. Mims,* 161 Ky., 530; 170 S. W., 1176; *Reinkey v. Wilkins,* 172 Wis., 515; 179 N. W., 751.

"Bar of judgment in another suit for same cause of action between same parties, or those in privity, extends, not only to that which was litigated in earlier suit, but also that which might have been; but, if second suit is on different cause of action, bar of earlier judgment is limited to that which was actually determined." *Eastman v. Vermont Co.,* 236 Mass., 138; 128 N. E., 177.

"Where the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first action operates as an estoppel as to every issue actually litigated in the first action, but is not conclusive as to matters which might have been, but were not litigated." *Pierce v. Bank* (C. C. A.), 268 Fed., 487.

"Where the second action is upon a different claim but between the same parties, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted upon the determination of which the findings or verdict was rendered." *In Re. Walsh Est.,* 80 N. J. Eq., 565; 74 Atl., 563.

"The rule that a judgment not only estops as to the matters actually litigated, but also as to those that might be litigated, applies to actions based on the same claim or demand." *McKimmon, Currie & Co. v. Caulk,* 170 N. C., 54; 86 S. E., 809.

Judgment of a Court having jurisdiction of the cause and the parties held to estop the parties and their privies as

to all issuable matters contained in the pleadings, and which were material, and were, in fact, determined, but not as to matters which might have been litigated or causes of action which plaintiff might have joined. *Whittaker v. Garren,* 167 N. C., 658; 83 S. E., 759.

"The rule that a judgment is conclusive, not only of the question actually determined, but of all matters which might have been decided in the suit, refers only to matters properly belonging to the subject of the controversy and within the scope of the issues." *Fourche Co. v. Walker,* 96 Ark., 540; 132 S. W., 451.

"A judgment in a prior action operates as an estoppel only as to those matters in issue or points controverted, on the determination of which a finding or verdict was rendered." *Schilstra v. Van Den Heuvel,* 82 N. J. Eq., 155; 90 Atl., 1056.

"A judgment is conclusive by way of estoppel only as to facts without the existence and proof or admission of which it could not have been rendered." *Sharbero v. Miller,* 72 N. J. Eq., 248; 65 Atl., 472.

"For a prior judgment to be an estoppel on an issue in a subsequent suit, it must appear from the record that the determination of such issue was necessary to the judgment, or it must be shown by extrinsic evidence that such issue was actually litigated." *Anderson v. Butterick,* 132 Minn., 30; 155 N. W., 1045.

"While a judgment is conclusive upon matters raised by the pleadings or which might have been properly adjudicated thereunder, it is not conclusive as to causes of action which plaintiff might have joined, but which were not, in fact, joined or included in the pleadings." *Ludwick v. Penny,* 158 N. C., 104; 73 S. E., 228.

In *Water Co. v. City,* 160 Fed., 41; 90 C. C. A., 547; 19 L. R. A. (N. S.), 219, the plaintiff sued on an express contract for light supplied the city, and judgment was ren-

dered in favor of the city. He then brought a second suit based upon a quantum meruit. The defendant pleaded the first adjudication in bar, but the Court held that the causes of action were different, and overruled the plea. They say:

"The fact that a party through mistake attempts to exercise a right to which he is not entitled or has made choice of a supposed remedy which never existed, and pursued it until the Court adjudged that it never existed, does not preclude him from afterwards pursuing a remedy for relief, to which in law and good conscience he is entitled."

A judgment creditor, who has filed in a suit brought to have conveyances made by his debtor shortly prior to making a general assignment, declared fraudulent and void, may thereafter maintain a bill to have the conveyances adjudged part of the general assignment. *Elgin Co. v. Meyer* (C. C.), 29 Fed., 225.

In the case last cited, a debtor being insolvent executed certain conveyances in payment of certain debts; the plaintiff brought an action to have them declared fraudulent and void and to subject the property to the payment of its judgment; the issues were found in favor of the defendant. Thereafter the plaintiff brought a second action, alleging that the conveyances, though made in payment and satisfaction of conceded indebtedness, should be treated merely as part of the general assignment, under the rule by which all conveyances made at the same or nearly the same time by an insolvent of all of his property are adjudged parts of one general assignment. The plea of *res adjudicata* was interposed, but was overruled, in a decree by Circuit Judge Brewer, afterwards a Justice of the Supreme Court, upon the ground that a plaintiff who mistakes his remedy is not merely estopped from thereafter asserting his real rights and pursuing his real remedy. There is no decided case in this State that states a doctrine contrary to this.

In *Maxwell v. Connor,* 1 Hill, Eq., 14, the defendant in an action at law upon a note to which he was surety failed to set up the defense that he had been discharged by an unwarranted extension of time to the principal debtor, and judgment went against him. It was properly held that in a subsequent action in equity, involving his liability on the same note, he was estopped by the former adjudication.

In *Trimmier v. Thomson,* 19 S. C., 247, the defendants were sued as executors upon a note of their testator; they pleaded plene administravit; judgment generally went against them. The second suit was against them individually, upon the same note; they attempted to establish the defense formerly interposed. The Court held that they were estopped by the former adjudication, which necessarily adjudged the issue of plene administravit. The Court reaffirms the case of *Hart v. Bates,* 17 S. C., 42, then but recently decided, and quote from that case as follows:

"This Court has lately, in the case of *Hart v. Bates,* 17 S. C., 42, attempted to define the doctrine of res adjudicata as follows: 'It seems to be now settled that, though the proceeding is in another jurisdiction, the judgment will be conclusive provided the Court had jurisdiction and the judgment was directly on the point. * * * It is claimed, however, as a sequence of this rule, that the defense of res adjudicata extends to every question which could have been made, whether it was considered or not. There are cases which seem to go to that extent, but we think the decided preponderance of authority sustains the more reasonable doctrine, "That a judgment is not, technically, conclusive of any matter, if the matter is not such that it had, of necessity, to be determined before the judgment could have been given; that it was not merely collateral nor to be inferred by argument from the judgment." 6 Wait, Ac. & Def., 785, citing *Hunter v. Davis,* 10 Ga., 413, and other cases.

Or, in the language of Mr. Justice Miller, of the Supreme Court of the United States: "The rule is, that when a former judgment is relied on it must appear from the record that the point in controversy was necessarily decided in the former suit, or be made to appear by extrinsic proof that it was in fact decided." ' "

A very similar question arose in *Willis v. Tozer,* 44 S. C., 1, where the Trimmier case was cited with approval, the Court declaring:

"A judgment is conclusive between the parties to it, not only as to those matters which were actually decided, but also all such as were necessarily involved in its rendition."

In *Drug Co. v. Bromonia Co.,* 81 S. C., 516; 62 S. E., 840; 128 Am. St. Rep., 929, the defendant in a former action had recovered judgment against the drug company upon an account. In that action fraud was not an issue. The drug company paid the judgment, and brought the second action against the Bromonia Company for damages on account of fraudulent misrepresentations in the sale of the goods. The Court of course held that the former judgment, giving effect to the contract of sale, was conclusive evidence that it was free from fraud or illegality although such issue was not raised in the action; that the validity of the contract was necessarily implied in the adjudication; and that it was a bar to the second action. As the Circuit Judge announced in that case:

"The parties to the action are the same; the Court is the same; the subject-matter, Bromonia, and the advertisement of it, is the same. The exact issue in the first case was: Did the Greenwood Drug Company owe the Bromonia Company for a lot of medicine, and for money paid out in the advertisement of the medicine? That, too, is the issue in the second case. It was decided in the first case, and that ends the controversy."

In *Cannon v. Cox,* 98 S. C., 185; 82 S. E., 399, the defendant has distrained upon the plaintiff's property; the plaintiff sued out claim and delivery proceedings and recovered judgment; he then brought an action for damages alleging an unreasonable and excessive distress; the defendant contended that the plaintiff could have presented in the claim and delivery proceedings her demand for damages, and, not having done so, the question is res adjudicata; a contention that appears to me to possess considerable force; but the Court held upon the authority of *Hart v. Bates,* 17 S. C., 40; *Kirven v. V-C Co.,* 77 S. C., 493; 58 S. E., 424; Id., 215 U. S., 252; 30 Sup. Ct., 78; 54 L. Ed., 179, and *Cromwell v. Sac. County,* 94 U. S., 351; 24 L. Ed., 195, that the defense of res adjudicata could not prevail. This case is cited in the leading opinion as authority for holding that the defense should prevail. It occurs to me that it sustains the opposite conclusion.

In *Woodmen v. Means,* 87 S. C., 127; 69 S. E., 85, the Court held:

"As the questions sought to be made in this case by the present plaintiff against the defendant, Mollie Fincher Means, were necessarily involved in the decision in the former action brought by Mollie Fincher Means against the present plaintiff, the said former action is res adjudicata of the same questions now presented."

In *Davis v. Murphy,* 2 Rich., 560; 45 Am. Dec., 749, the principle of res adjudicata is limited to "that which was directly in issue" in the former suit.

In *Bradley v. McBride,* Rich. Eq. Cas., 202, the plaintiff brought an action to set aside a Sheriff's deed conveying the property to the defendant, upon the ground of fraud. The defendant had previously brought an action against the plaintiff in trespass to try title and recover the land. In the later case the defendant set up the former adjudication as a bar, but it was denied by the Court upon the ground

that the issue of fraud was not involved in the first action. This case is cited with approval in *Hart v. Bates*, 17 S. C., 35, but it strikes me as of doubtful accuracy.

In *Willoughby v. R. Co.*, 52 S. C., 166; 29 S. E., 629, the point decided was that where an issue was· distinctly adjudicated in an action, it became res adjudicata in a subsequent action between the parties whether the subsequent action was upon the same or upon a different cause of action.

In *Rhoad v. Patrick*, 37 S. C., 517; 16 S. ·E., 536, the Court held that a point not adjudicated in a former suit, although raised there, was not res adjudicata, citing the Hart and Roberts cases.

"A test of the identity of the cause of action is, Would the evidence adequate to recovery in the second have been sufficient to support the first?" *Sarson v. Maccia*, 90 N. J. Eq., 433; 108 Atl., 109.

In *Ex Parte Roberts*, 19 S. C., 150, the plea was sustained upon the ground that the matter in dispute was necessarily involved and adjudicated in the former proceeding; and to the same effect is *Steen v. Mark*, 32 S. C., 286; 11 S. E., 93; *Dunsford v. Brown*, 23 S. C., 328, and *Newell v. Neal*, 50 S. C., 68; 27 S. E., 560.

Another reason for overruling the plea 'in this case is that it was practically reversed by the decree of Judge Spain in the former suit. *Hunter v. Hunter*, 63 S. C., 78; 41 S. E., 33; 90 Am. St. Rep., 663.

"The recognized principle that, where a general judgment is rendered, all matters that might have been interposed as a defense are considered as adjudicata between the parties, is not applicable when a decree specifically expresses the issues determined, and upon which the relief is granted, in which case only such issues are res judicata." *R. Co. v. R. R. Co.* (D. C.), 205 Fed., 800.

Tested by another rule adopted by this Court the plea of res adjudicata must fail. In *Fraser v. Charleston,* 19 S. C., 399, the Court says:

"It does not appear clearly that proof was offered, and the point in question actually decided by the Court; but that was not indispensable, provided the precise matter was involved in the issue, so that it had of necessity to be decided before the judgment could have been given." *Ruff v. Doty,* 26 S. C., 173; 1 S. E., 707; 4 Am. St. Rep., 709.

The question of the rights of creditors under the recording Act, involved in the present action, was not before. the Court in the Meinhard case. A decision of it was not at all involved in the issue of a fraudulent deed. In fact, an adjudication of the validity of the deed was entirely consistent with the establishment of the rights of the subsequent creditors. It was not necessary to adjudicate that they had no rights in order to sustain the deed. Consequently that question did not have "to be decided before the judgment (sustaining the deed) could have been given." In the *Ruff v. Doty* Case the Court says, referring to *Fraser v. Charleston* and *Hart v. Bates*:

"These two cases considered together, decide, briefly, that a matter not necessarily involved and not raised in a previous case, is not res adjudicata, but if necessarily involved and raised, or not, it is concluded, and especially so, if the party denying the adjudication knew of the matter and could have interposed it at the previous trial, either in support of a claim or as a defense."

In *Anderson v. Cave,* 49 S. C., 505; S. E., 478, the Court declares:

"Conceding, then, for the purposes of this case, that the Court of Probate had full jurisdiction in the proceeding before it, and that the question of the plaintiff's claim was there presented, or could have been presented, its adjudication was not necessary to enable that Court to render

judgment, and hence such judgment is not conclusive (citing authorities). From these authorities it follows that, even if the proceeding in the Court of Probate be given full force and effect as a proceeding for partition, it was not necessary that the claim of the plaintiff should have been there adjudged; and, there is not the slightest evidence that it was, in fact, adjudged, such proceeding cannot support the plea of res adjudicata."

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. JUSTICE FRASER concurs.

MR. CHIEF JUSTICE GARY: I concur in the result, for the reason that his Honor, Judge Spain, ruled that the complaint in the first case was not drawn to set aside the deed, under the recording Act.