18683

Cordozia LONDON, Sr., Respondent, v. The **SURETY INDEMNITY COMPANY,** Appellant

(156 S. E. (2d) 329)

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell* and *Gordon B. Baker, Jr.,* all of Florence, *for Appellant,*

*Messrs. Paulling & James* and *Melvin Hyman,* of Darlington, *for Respondent,*

July 27, 1967.

BUSSEY, Justice.

Plaintiff-respondent recovered a final judgment in the amount of $15,000.00 against one Blease Graham, Jr. as the result of having been struck and injured by an automobile belonging to one John McPhail, Sr., and operated by the said Graham. The complaint in that action alleged that the automobile of John McPhail, Sr., was at the time under the management and control of John McPhail, Jr., and was being operated by Graham with the full knowledge and consent of John McPhail, Jr. John McPhail, Jr. was a codefendant with Graham in that action and, among other specifications of negligence as to, McPhail, Jr., it was alleged that he had allowed an incompetent and intoxicated person to operate the automobile. The verdict of the jury exonerated McPhail, Jr., of any liability.

In the instant action plaintiff seeks to recover from the defendant-appellant the sum of $10,000.00, the amount of coverage afforded by it to John McPhail, Sr., it being contended that Graham is an assured under the omnibus clause of the policy issued by defendant to McPhail, Sr. The complaint alleges, *inter alia,* that at the time of plaintiff's injuries McPhail's automobile was being operated by Graham "with the knowledge and consent and permission of and instructions by the said John McPhail, Sr., and John McPhail, Jr." Defendant moved to dismiss this action upon the ground that the issues were determined by the verdict and judgment in the tort action and that said verdict and judgment were *res judicata* as to matters set forth in the complaint. The motion was made upon the pleadings in the instant action, the record in the tort action, and the contract of insurance issued to McPhail, Sr. From an order denying such motion, defendant appeals.

The record in the tort action discloses that McPhail, Jr., with the consent of his father, drove the automobile to a country store in Darlington County, where the battery thereof was being charged at the time of the accident. McFail, Sr. was not present. On the way there, McPhail, Jr. gave a ride to Graham, who was walking toward the store. At the time of the injury to plaintiff, Graham alone was in the car and under the wheel. Graham started the car and it moved forward striking the plaintiff who was on his way into the store. The evidence was in conflict as to precisely where McPhail, Jr. was at the moment. Graham testified that McPhail, Jr. was near the car and had asked him (Graham) to start it, but his testimony on this point was refuted by McPhail, Jr., as well as other witnesses. There was considerable evidence to the effect that Graham was grossly intoxicated, but McPhail, Jr. did not so testify. His testimony was to the effect that he did not realize Graham was even drinking when he picked him up or while en route to the store, but realized some time after he got there that Graham was drinking some.

It is the defendant's contention that by virtue of the verdict in the tort action it is now *res judicata* that Graham had no permission from John McPhail, Sr., either express or implied, to drive the automobile, and, hence, that the present action will not lie. The decision of this issue is, as concluded by the circuit judge, controlled by the case of *Johnston-Crews Co. v. Folk,* 118 S. C. 470, 111 S. E. 15, in which an exhaustive opinion on the subject of *res judicata* was written by the late Mr. Justice Cothran. It is needless to quote at length from that opinion. The causes of action in the two suits, here involved, are essentially different, the first being an action in tort, and this an action *ex contractu.* Such being the case, the judgment in the tort action is not a bar to the present action, unless the issues of permission or consent of McPhail, Sr. was there adjudicated. We think that it was not.

McPhail, Sr. was not a party to the tort action and he was mentioned in the complaint therein only as the owner of the car. In that action permission to Graham was immaterial, unless such permission was negligently granted to an intoxicated or otherwise incompetent person, by McPhail, Jr. as alleged in the complaint. Permission to Graham, absent any intoxication or other incompetence on his part, would have given rise to no liability on the part of McPhail, Jr. The issue was not simply whether permission had been given, but whether permission had been negligently given. In exonerating McPhail, Jr., the jury, of course, could have decided that there was no permission given, but it also could have decided that such permission was given but unaccompanied by any actionable negligence on the part of McPhail, Jr.

In the instant action the issue is not whether Graham was negligently given permission by McPhail, Jr., but simply whether or not he had permission within the intent of the policy clause, and it follows that such is not the precise question adjudicated in the tort action.

The judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.