## 10444

## COOLEY v. ANDERSON COUNTY.

### (103 S. E. 533.)

BRIDGES—WHERE EVIDENCE TENDS TO SUPPORT ALLEGATIONS AS TO NEGLI-
GENCE, CASE IS PROPERLY SUBMITTED TO THE JURY.—Where testimony
tended to support the complaint, alleging negligence and mismanage-
ment in the construction and maintenance of a bridge, resulting in
an accident, the case was properly submitted to the jury. ·

Before DeVore, J., Anderson, September term, 1919.
Affirmed.

Action by John T. Cooley against Anderson County for
damages caused by a defect in a highway. From verdict
for plaintiff, defendant appeals.

*Messrs. J. S. Acker* and *Watkins & Prince,* for appellant.
*Mr. Acker* cites: *County not liable unless defect was occa-
sioned by its neglect or mismanagement:* 1 Civ. Code 1912,
sec. 1972. *Nonsuit should be granted when evidence is not
sufficient to warrant a reasonable jury in basing a verdict
upon it:* 99 S. C. 421. *Traveler negligently failing to exer-
cise ordinary care against defects in highway, which he
knows of, can readily see and which he has an opportunity
to avoid cannot recover:* 98 S. E. 511; 13 R. C. L. 481.

*Mr. A. H. Dagnall,* for respondent, cites: *Where plaintiff
has made two statements on motion for nonsuit the one most
favorable to him will be considered:* 104 S. C. 414. *Court
could not say as matter of law plaintiff was guilty of con-
tributory negligence, and there being more than one infer-
ence to be drawn from testimony question was for the jury:*
76 S. C. 202; 54 S. C. 498; 102 S. C. 287; 111 S. C. 107.

June 28, 1920.

The opinion of the Court was delivered by Mr. CHIEF
JUSTICE GARY.

The following statement appears in the record: ·

"The complaint in this action was filed March 5, 1919, on a cause of action for damages in the sum of $250 alleged to have been caused by the carelessness, negligence and mismanagement of the defendant, its officers, agents, servants, and employees, in constructing a certain bridge and public highway in the county of Anderson, in that said bridge was not wide enough to entirely span the drain to be covered, there remaining a small hole between the bridge and the highway, and that thereafter the dirt in the public highway immediately adjacent to said bridge caved in, leaving a small open space between the bridge and the highway, and the defendant, its officers, agents, servants, and employees, carelessly, negligently, and by mismanagement allowed said bridge and highway to remain in such defective and unsafe condition, and carelessly and negligently and by mismanagement failed to repair said defective bridge and highway after the defendant had notice of the said open space, or hole, between the bridge and the highway, and of the defective condition of said highway and bridge; and, if the defendant did not know that said bridge and highway was unsafe, it should and would have had notice of it upon the exercise of ordinary diligence and reasonable care. That plaintiff was not carrying more than the usual load. The complaint also alleged that the plaintiff did not in any way by any act bring about said injuries and damages, nor did plaintiff negligently contribute thereto, nor did the wagon in which plaintiff was riding exceed the ordinary weight. The answer was a general denial. The case resulted, upon the trial by Judge DeVore, and a jury, in a verdict for plaintiff for $175."

The defendant made a motion for a nonsuit which was refused. The defendant appealed upon exceptions which raise two questions: (1) Was there evidence of negligence on the part of Anderson county? (2) Was the plaintiff guilty of contributory negligence.

There was testimony tending to sustain the allegations of the complaint, and the case was properly submitted to the jury.

Affirmed.