11230

BROADWAY v. ROSEN

(117 S. E., 417)

Judgment—For Defendant in Ejectment Proceedings Held Res Judicata as to Issues in Action for Illegal Distress.—Where the judgment in owner's proceeding for ejectment under Act March 22, 1878 (16 St. at Large, p. 635), was for the party in possession, and then that party brought an action for illegal distress against owner, the record in the ejectment proceeding, under the doctrine of *res judicata,* was conclusive that the relationship of landlord and tenant existed and that no rent was due.

Before McIver, J., Charleston, April, 1922.    Affirmed.

Action by H. D. Broadway and J. D. Gardner, partners as New Method Laundry against S. Rosen.    Judgment for plaintiffs and defendant appeals.

*Messrs. Nathans & Sinkler,* for appellant cite:    *Doctrine of res adjudicata not applicable:*   17 S. C., 35; 53 S. C., 285; 52 S. C., 166; 94 U. S., 351; 23 Cyc., 1279; 15 R. C. L., 962; 195 U. S., 276; 77 S. C., 493; 41 S. C., 408; 205 U. S., 122; 115 S. C., 115; 114 S. C., 147; 113 S. C., 541; 110 S. C., 88; 104 S. C., 382.    *Right to eject tenant:*   1 Civ. Code 1912 Sec. 3509.    *Illegal distress:*   1 Civ. Code 1912 Sec. 3520.

*Messrs. Waring & Brockington,* for respondent, cite:    *Res adjudicata:*   108 S. C., 1; 170 N. C., 42; 170 N. C., 54; 89 S. C., 408; 81 S. C., 516; 44 S. C., 1; 17 S. C., 35; 52 S. C., 166; 16 Cyc., 680; 113 S. C., 217; 98 S. E., 676; 114 S. C., 200; 84 S. C., 193; 118 S. C., 470.

May 14, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

This action grew out of a distress for rent.    There are six exceptions, but only one question is properly before this Court.

A man named Inabinett rented a house on Meeting Street, in Charleston, from Mrs. Florence M. Castens, for a specified term.    The appellant bought the house, and Inabinett subrented to the respondent.    There were some questions about the right to subrent and the amount of rent.    The only question in this case is the right to distrain for rent.

The appellant landlord, on the 28th of December, 1920, distrained for rent in arrears for the months of October, November, and December, 1920.    On the 26th of January, 1921, the appellant took proceedings, in the Civil and Criminal Court of Charleston, to eject the tenant from the premises.    The following paper was served:  .  .

"The State of South Carolina, County of Charleston.

"To New Method Laundry: You are hereby required to show cause before the Civil and Criminal Court, at Fireproof Building, within three days from the personal service of this notice, why you should not be ejected from the premises No. 522 Meeting Street, for nonpayment of arrears of rent for said premises in the sum of $75.00, due on the 1st day of January, 1921, payment having been demanded and refused and possession having been demanded and refused, according to the act of the assembly of the State of South Carolina, passed the twenty-second day of March, Anno Domini eighteen hundred and seventy-eight.

"Witness my hand and seal this 24th day of January, A. D. 1921.

"E. Mitchell Whaley. [Seal.]"

The record shows that this verdict was rendered: "We find for the tenant."

The respondent herein claimed to have paid its rent and brought this suit for the illegal distress. The respondent offered the ejectment proceedings in evidence as *res judicata* as to matters involved in that proceeding. The trial Judge admitted the record and held that the proceedings in ejectment are *res judicata,* as stated. From this holding this appeal is taken.

The case of *Nesbitt Auto Co. v. Kirby,* 114 S. C., 202: 103 S. E., 533, is in point:

"An action in claim and delivery is ordinarily a simple action for possession, but when the right of plaintiff is based upon a mortgage then the validity of the mortgage is necessarily involved. If the mortgage is fraudulent, it is void and no title can be derived from it. A judgment for the plaintiff for the possession necessarily includes a judgment that the mortgage is valid."

The proceedings in ejectment are brought under the act of March 22, 1878 (16 St. at Large, p. 635). The bringing of the proceedings admitted the relation of landlord and

tenant, and the result fixed the fact that there was no rent in arrears. The record was admissible, and was *res judicata* as to those two matters.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur.

MR. JUSTICE COTHRAN, (concurring in result). I concur in the result attained by the leading opinion of Mr. Justice Fraser, but upon a different ground. I think that the judgment in the ejectment proceedings, properly interpreted, amounts to an adjudication that the plaintiffs were *not* the tenants of the defendant, a result conclusive upon the defendant in the case at bar as well as in those proceedings. The leading opinion appears to hold that it means that they *were* such tenants.

Action for damages on account of the alleged unlawful seizure and sale of personal property belonging to the plaintiffs. The plaintiffs, on December 27, 1920, were conducting a laundry business, under the name of New Method Laundry, in a certain building in the City of Charleston. (For convenience they will be referred to as the "Laundry Company.") The premises upon which the Laundry Company conducted business, prior to March, 1920, belonged to a Mrs. Castens, who had leased them to one Inabinett; the term expiring on May 1, 1921, and the rental being $25 per month. The lease contains an agreement that the premises should not be subrented without the consent of the landlord. Inabinett subrented the premises to one Baker at $50 per month, and the Laundry Company succeeded to the rights of Baker.

In March, 1920, the defendant, Rosen, acquired the premises from Mrs. Castens. It does not appear in the record when Inabinett subrented to Baker, or what relations existed between Rosen and Inabinett, or between Rosen and Baker, with reference to the paymnt of rent, between March, 1920, and October 1, 1920. About the later date the Laun-

dry Company went into possession under Baker, although that fact does not clearly appear in the record, at least as to the date.

It seems that, after the Laundry Company went into possession, the defendant, Rosen (quoting from the "case"), "claiming that Inabinott's lease from Mrs. Castens had been broken by virtue of the subletting, refused to further recognize Inabinett as his tenant, and required the plaintiffs to pay rent to him at the rate of $50 per month in advance to January 1, 1921, and if New Method Laundry desired to remain after January 1, 1921, at the rate of $75 per month in advance. The plaintiffs refused to pay rent to Rosen, and continued to pay to Inabinettt, and thereupon Rosen, on December 27, 1920, levied a distress for $150.00, being three months' rent, due October, November, and December, 1920, upon certain of the property of the plaintiffs, which was on the premises, and as no replevy was made by plaintiffs, the property was sold on January 19, 1921, under the distress after appraisement and advertisement."

The Laundry Company continued to occupy the premises, and about January 1, 1921, the defendant, Rosen, demanded rent at the rate of $75 per month for the month of January, payable as he claimed in advance. The Laundry Company refused to comply with the demand, and thereupon Rosen sued out a proceeding in ejectment in the Civil and Criminal Court of Charleston. The notice therein dated January 24, 1921, required the Laundry Company to show cause within three days why they should not be ejected "for nonpayment of arrears of rent for said premises in the sum of $75 due on the 1st day of January, 1921, payment having been demanded and refused, and possession having been demanded and refused."

The respondent in that proceeding, the Laundry Company, answered the notice, alleging in substance: The lease from Mrs. Castens to Inabinett; the sublease from Inabinett to Baker; the sublease from Baker to them; knowledge and

acquiescence by Rosen of the lease ·from Mrs. Castens to Inabinett, and acceptance of rent for four months; that they were tenants of Inabinett, and had paid the rent regularly to him; knowledge and acquiescence, constituting an estoppel, upon the part of Rosen of their tenancy and improvements; estoppel to deny the right of Inabinett to sublease the premises. Upon a trial of the issues thus raised in the Civil and Criminal Court, the jury returned the following verdict: "We find for the tenant."

Thereafter, on March 31, 1921, the Laundry Company instituted the action in the case at bar against Rosen, for $15,000 damages, on account of the alleged unlawful seizure and sale of the property upon which Rosen had distrained on December 27, 1920. Rosen answered the complaint, attempting to justify the distress by alleging that the Laundry Company owed him the rent from October 1, 1920, to January 1, 1921, at $50 per month, payable in advance, no part of which had been paid, although demand had been made upon them therefor.

The case came on to be tried before Judge McIver and a jury, at April term, 1922. The plaintiff offered in evidence the record of the ejectment proceedings in the Civil and Criminal Court of Charleston, and contended that the judgment therein was *res adjudicata* of the main issue in the damage suit. The Circuit Judge, over the objection of the defendant, admitted the record and sustained the contention of the plaintiff as to the effect of the judgment as *res adjudicata*. The jury returned a verdict in favor of the plaintiff for $3,750 actual and $1,250 punitive damages. Upon motion for a new trial an order was passed, eliminating the punitive damages. Judgment was entered for $3,750, from which the defendant now appeals.

Practically the sole question raised by the exceptions is whether or not the judgment in the ejectment proceedings was *res adjudicata* of the issue raised in the present action for damages. Plainly, the cause of Rosen's dissatisfaction with

the occupancy of the Laundry Company, of his effort to abrogate the lease of Mrs. Castens to Inabinett, and of his effort to force the Laundry Company into the relation of tenant to him, was the discovery, after four months or more of acquiescence, that Inabinett was receiving $25 per month more than he had contracted to pay Mrs. Castens and had in the meantime been paying him.

The validity of the lease from Mrs. Castens to Inabinett, and of Inabinett's right to sublet the property to Baker and Baker to the Laundry Company, were matters clearly at issue in the damage suit; or, if it was valid and the subleases were good, either by reason of the terms of the contract of lease or by estoppel upon Rosen, the Laundry Company were the tenants of Baker or Inabinett, and not of Rosen, and, if so, it was Rosen's business to look to Inabinett, and not to the Laundry Company who were obligated to Baker or Inabinett. In other words, Rosen's right to distrain upon the property of the Laundry Company depended upon the existence of the relation of landlord and tenant as between him and the Laundry Company, which could not be shown if Inabinett had the right to sublet the premises.

In the ejectment suit Rosen was proceeding upon exactly the same lines, claiming that the lease to Inabinett was annulled by the unauthorized subletting, and that the Laundry Company were tenants of his. The answer of the respondent in that proceeding (plaintiff here) shows that that was the battle ground between the parties. The verdict in that proceeding, taken in connection with the pleadings, shows that the issue was decided against Rosen; in effect, that Rosen was estopped from setting up the breach of the lease from Mrs. Castens to Inabinett, and that the Laundry Company were tenants of Baker or Inabinett, and not of Rosen.

Upon the principles announced in the case of *Johnston-Crews Co. v. Folk,* 118 S. C., 470; 111 S. E., 15, the judgment in the ejectment proceedings between the same parties, upon practically the same cause of action, where the precise

point arose and was adjudicated, was properly held as *res adjudicata* in the case at bar.

Judgment affirmed.

MR. JUSTICE MARION concurs.